Dear Mr. Naquin:
You have requested the opinion of this office regarding R.S. 33:334, which provides for the expenditure of taxes collected by the Lafourche Basin Levee District (the "District"). Pertinently, R.S. 38:334 provides:
 "Of all the taxes collected by the Lafourche Basin Levee District from property located within the Parish of Lafourche, and St. Charles Parish located west of the Mississippi River, not less than fifty percent of each collection shall be expended for the purposes of levee construction, levee maintenance, and other flood control and drainage works within the parishes or portions of those parishes from which the taxes were collected. These expenditures shall be in cash or in-kind services as determined by the parish governing body and shall be certified as received by the parish's governing body at the end of each fiscal year."
According to your letter, the Lafourche Parish Council has requested the District to directly remit to Lafourche Parish, in cash, the 1994 portion of tax receipts attributable to Lafourche Parish. The payment has not been made, and, therefore, you are interested in determining whether the District can lawfully refuse to pay Lafourche Parish the funds specified in R.S 38:334.
In our opinion, R.S. 38:334 requires the District to expend not less then 50% of collected tax receipts attributable to Lafourche Parish "for the purposes of levee construction, levee maintenance, and other flood control and drainage works" within Lafourche Parish.
Although the language utilized in R.S. 38:334 is admittedly confusing, it is our opinion that the Parish is not entitled to receive a direct remittance of cash from the District. Rather, the Lafourche Parish Council is given the power to determine whether the District shall expend the funds in question directly on levee construction, maintenance, etc. (i.e. make "cash" expenditures), or whether the District is to provide in-kind services pertaining to levee construction, maintenance, etc. within the Parish.
In reaching this determination, we are guided by the following rules of statutory construction:
Words and phrases shall be read with their context and shall be construed according to common and approved usage of language. R.S. 1:3. In determining legislative intention as expressed in a particular statute, all of the component parts of a statute must be considered together. Washington Parish Police Jury v. Washington Parish Hospital Service District No. 1,152 So.2d 362 (La.App. 1st Cir., 1963), writ ref., 156 So.2d 883. In construing a statute, all parts thereof should be construed together. Reynolds v. Baldwin, 1 La. Ann. 162 (1846). Meaning should be given, if possible, to every section of a statute; no portion of law should be so construed as to render another inoperative. Fisher v. Albany Machine Supply Co., 246 So.2d 218
(La.App. 1st Cir., 1971); affirmed in part, reversed in part on other grounds, 260 So.2d 961.
We trust this adequately responds to your request. If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Jeanne-Marie Zeringue Barham Assistant Attorney General